## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH S. FEDORCHAK,    )
        Plaintiff,    )    NO. 1:17-CV-02280
                  )
      v.          )    (CONNER, C. J.)
                  )    (SCHWAB, M.J.)
NANCY A. BERRYHILL,    )
Acting Commissioner of    )
Social Security,    )
        Defendant.    )    **[FILED VIA ECF]**

## BRIEF OF DEFENDANT

## STATEMENT OF THE SCOPE OF REVIEW

Plaintiff has brought this action under 42 U.S.C. § 405(g) for review of the decision of the Acting Commissioner of Social Security (Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB) under title II of the Social Security Act (Act). 42 U.S.C. §§ 401-434.

Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971). "Substantial evidence" means more than a scintilla of evidence but permissibly less than a preponderance of the evidence. Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). In reviewing the record for substantial

evidence, a court may not undertake de novo review of the Commissioner's decision; nor may it reweigh the evidence of record. Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).

## ISSUE

The issue before the Court is whether the Commissioner's decision that Plaintiff could perform the limited range of light work identified by the vocational expert is supported by substantial evidence.

## STATEMENT OF THE CASE

Plaintiff filed his DIB application protectively in February 2014 alleging disability since October 3, 2013, due to high blood pressure, diabetes, and shortness of breath (Tr. 35, 175-76, 214). The application was denied and, at Plaintiff's request, an ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35, 128-49, 158-61). The ALJ issued a decision finding that Plaintiff could perform a limited range of light work, including representative work as an order filler, hand assembler, and finisher (Tr. 35-45). In so concluding, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Act.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision for judicial review pursuant to 42 U.S.C. § 405(g) (Tr. 1-4).

## STATEMENT OF RELEVANT FACTS

## I.   INTRODUCTION

Plaintiff was forty-nine years old on the date of the ALJ's decision, and is considered a younger person under the Commissioner's regulations (Tr. 44-45).  20 C.F.R. § 404.1563(c) (2018).  He has at least a high school education, and past relevant work experience as an electrician maintenance worker (medium work) (Tr. 44).

## II.   RELEVANT MEDICAL EVIDENCE

Although voluminous, much of Plaintiff's medical evidence is duplicative, or predates Plaintiff's alleged onset date.

The record during the relevant period shows that Plaintiff has received routine, conservative treatment for diabetes mellitus, hypertension, hyperlipidemia, and depressive disorder (Tr. 304).  The record is also replete with reference to the fact that Plaintiff refused to be complaint with treatment for his impairments, despite repeated advice from his treatment providers (Tr. 305, 309, 314, 510-11, 514-16,

519-21, 619-21, 632-33, 646-47, 650-51, 659-60, 681-82, 1073, 1079, 1081, 1091, 1097, 1131-32, 1140, 1143 1317-18, 1340).

Plaintiff was admitted to the VA Hospital in June 2014 for depressive disorder and past psychosis disorder, at which time it was noted that Plaintiff was off of his medication (Tr. 1032).

Jay Willner, M.D., examined Plaintiff in May 2014 (Tr. 290). Plaintiff complained of hypertension (since the age of twenty-eight); shortness of breath (for many years due to exertion); and diabetes mellitus (diagnosed in 2004) (Tr. 290).

On physical examination, Plaintiff's vision was 20/20 bilaterally with correction (Tr. 291).  Plaintiff's gait was normal; he could walk on his heels and toes without difficulty; squat was full; stance was normal; he needed no help changing for the examination or getting on and off the examination table; and he was able to rise from the chair without difficulty (Tr. 291).

Straight leg-raising was negative bilaterally (Tr. 292).  Strength was 5/5 in the upper and lower extremities; no sensory deficits were noted; hand/finger dexterity was intact; grip strength was 5/5 bilaterally (Tr. 292).

4

On mental status examination, there was no evidence of impaired judgment or significant memory impairment; Plaintiff tended to be very talkative with flight of thought (Tr. 292).

Dr. Willner diagnosed hypertension, shortness of breath, and diabetes mellitus (Tr. 292), and opined that Plaintiff was capable of performing the full range of heavy work (Tr. 294-99).

Treatment notes from the VA dated May 2015 reflect that, although he had no formal extra exercise regimen, Plaintiff was busy with his activities of daily living (Tr. 1079).

Treatment notes from the VA dated May and June 2015 reflect that Plaintiff's vision was improving, with 20/20 vision in both eyes (Tr. 1072, 1086).

Plaintiff's psychiatry notes from the VA dated February 2016 reflect a diagnosis of unspecified bipolar disorder, and noncompliance with treatment (Tr. 1325).  Plaintiff reported that "I think I'm doing pretty good right now" (Tr. 1330).

Plaintiff was admitted for treatment in April 2016 after he was found by the police waving a long rifle and hand gun, yelling at people outside of his home (Tr. 1353).   Plaintiff denied thoughts of

5

suicide/homicide, and stated that his monitoring system was broken at the house, that he had his shotgun over his shoulder as he went to the mail box, and that "I was protecting my property" (Tr. 1353, 1387). Plaintiff also stated that, prior to admission, his neighbors were harassing him (Tr. 1390). At the time of discharge, Craig G. Richman, M.D., reported Plaintiff's disability level as "mild" (Tr. 1393).

Louis Tedesco, M.D., a state agency physician, reviewed Plaintiff's claim for benefits in June 2014 and opined that Plaintiff had the physical residual functional capacity to perform the exertional demands of medium work (Tr. 154-55).

Soraya Amanullah, Ph.D., a state agency psychologist, reviewed Plaintiff's claim for benefits in June 2014 and opined that Plaintiff's mental impairment was "minimal" (Tr. 153).

## III.  **PLAINTIFF'S STATEMENTS**

Plaintiff reported to the VA in October 2014 that he was working on a job application and his resume, that he was attending church services on an almost daily basis, and that he was keeping busy working on his mother's car, and other odd jobs for her (Tr. 1153).

Plaintiff reported to the VA in December 2014 that he was feeling "pretty good," and that he recently returned from a vacation in Costa Rica (Tr. 1141). Plaintiff also reported in December 2014 that he had a "good time" in November 2014 with his mother at his time share in Nova Scotia (Tr. 1152). Plaintiff reported at that time that he had not heard from Social Security, or from his recent job application, but that he was continuing to look for employment (Tr. 1151).

Plaintiff reported to the VA in December 2015 that he was doing well and "keeping busy" completing household chores and working on vehicles (Tr. 1342). Plaintiff also reported that he visited his brother "out west," and then proceeded to Hawaii for a vacation (Tr. 1342).

Plaintiff testified at the administrative hearing that he goes to a priest for spiritual healing (Tr. 134). He receives VA disability for high blood pressure, diabetes, and erectile dysfunction (Tr. 136). Plaintiff lives alone (Tr. 137).

Plaintiff testified that when he was at his timeshare on vacation in Texas, he went into a cave and was having slight breathing problems when he walked up a slight incline (Tr. 136-37).

Plaintiff's activities include going on the computer, cleaning the house, and going out with his mother (Tr. 140).   Plaintiff's hobbies include working on his vehicle, planting, and performing small house repairs (Tr. 141).

## III. <u>VOCATIONAL EXPERT'S TESTIMONY</u>

At the administrative hearing, the vocational expert testified that's Plaintiff's past relevant work as an electrician maintenance worker was medium, skilled work (Tr. 143).

The ALJ asked the vocational expert to assume an individual of Plaintiff's age, education, and work experience, who was restricted to light work with the following additional limitations:   no climbing of ladders/ropes/scaffolds; no climbing of considerable inclines as part of job duties; no exposure to hazards such as dangerous unprotected heights and dangerous unprotected machine; no exposure to excessive vibrations; no work in a harsh environment involving exposure to temperature extremes, high humidity, dusts, fumes, and gases; and only occasional interaction with supervisors, co-workers, and the public (Tr. 39, 144).   The vocational expert testified that, despite those

limitations, such an individual could perform representative work as an order filler, hand assembler, and finisher (Tr. 145).

## ARGUMENT

## Substantial Evidence Supports the ALJ's Finding that Plaintiff Could Perform a Limited Range of Light Work.

The disability standard under the Act is stringent.   The Act requires that Plaintiff prove:

> [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).   Moreover, the Act requires further that a claimant for disability benefits must show that he has a physical or mental impairment of such a severity that:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).   Under this strict standard, Plaintiff has not met his burden of proof that he was disabled.

As the ALJ discussed, the record is replete with the fact that, throughout the relevant period, Plaintiff has been noncompliant with his treatment regimen, despite repeated warnings by his treatment providers (Tr. 40-43, 305, 309, 314, 510-11, 514-16, 519-21, 619-21, 632-33, 646-47, 650-51, 659-60, 681-82, 1073, 1079, 1081, 1091, 1097, 1131-32, 1140, 1143 1317-18, 1340).   See 20 C.F.R. § 404.1529(c)(3), (c)(4) (discussing that treatment and other measures used to relieve pain are factors to consider in evaluating a claimant's symptoms).

Furthermore, Plaintiff's full round of activities during the relevant period belie his claim of complete disability.   For instance, Plaintiff traveled to Texas, Costa Rica, Nova Scotia, and Hawaii (Tr. 136-37, 1141, 1152, 1342).   Furthermore, Plaintiff admitted to performing activities such as attending church services on an almost daily basis, working on his mother's car, and performing other odd jobs and small house repairs (Tr. 141, 1153, 1342).

Dr. Willner opined in May 2014 that Plaintiff was capable of performing the full range of heavy work (Tr. 294-99).   The state agency

physician reviewing Plaintiff's claim for benefits in June 2014 opined that Plaintiff had the physical residual functional capacity to perform the exertional demands of medium work (Tr. 154-55).

The state agency psychologist reviewing Plaintiff's claim for benefits in June 2014 and opined that Plaintiff's mental impairment was "minimal" (Tr. 153). Furthermore, even at the time of Plaintiff's discharge for his mental hospitalization in April 2016, Dr. Richman reported Plaintiff's disability level as "mild" (Tr. 1393).

Significantly, no treating or examining physician or psychologist has opined that Plaintiff is disabled due to his physical or mental complaints. That fact reflects that Plaintiff is capable of performing the modified range of light work identified by the vocational expert. See Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983) (holding that the Commissioner is entitled to rely not only on what the record says, but also on what it does not say).

The ALJ amply accounted for Plaintiff's physical and mental work-related limitations that were supported by the record by restricting him to light work with the following additional limitations: no climbing of ladders/ropes/scaffolds; no climbing of considerable inclines as part of job

duties; no exposure to hazards such as dangerous unprotected heights and dangerous unprotected machine; no exposure to excessive vibrations; no work in a harsh environment involving exposure to temperature extremes, high humidity, dusts, fumes, and gases; and only occasional interaction with supervisors, co-workers, and the public (Tr. 39, 144). The vocational expert identified work Plaintiff could perform despite those limitations (Tr. 145). Accordingly, substantial evidence supports the ALJ's decision, and it should be affirmed.

Finally, the letter Plaintiff sent from a physician for the first time to this Court, which post-dates the ALJ's decision by more than two years, and his date last insured by almost one year, does not advance his claim (Doc. 13). In the Third Circuit it is beyond question that a reviewing court cannot look to evidence that was submitted for the first time to the Appeals Council (and, by extension, to the district court) in determining whether an ALJ's decision was supported by substantial evidence. Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). An ALJ's decision can only fairly be reviewed by a court based upon the evidence that was actually before the ALJ at the time he made his decision. Id.

Reliance upon evidence never submitted to the ALJ to attack the ALJ's decision is manifestly contrary to the law of this Circuit.

Moreover, Plaintiff has failed to demonstrate the requirements for a "new evidence" remand under the sixth sentence of 42 U.S.C. § 405(g). According to Third Circuit case law, to be entitled to a "new evidence" remand, Plaintiff must demonstrate that the additional evidence is "new" and "material" and also provide "good cause" for failing to provide such evidence into the record in a prior proceeding. Matthews, 239 F.3d at 592-94; Szubak v. Sec'y of Health and Human Servs., 745 F.3d 831, 833 (3d Cir. 1984).

Plaintiff submits a "To Whom It May Concern" letter from Kathryn Ndzana, M.D., relating to Plaintiff's admission to a community living center in July 2018, well after the ALJ's decision, and Plaintiff's date last insured (Doc. 13).

Plaintiff's "new" evidence simply cannot meet the materiality requirement because the new evidence not only post-dates the ALJ's decision, but it post-dates Plaintiff's insured status (Tr. 37, 45).   The ALJ's decision was dated July 19, 2016 (Tr. 37).   The Third Circuit has noted that implicit in the materiality prong is the fact that new evidence

must relate to the time period for which benefits were denied and not evidence of a later-acquired disability or subsequent deterioration of a previously non-disabling condition. <u>Szubak</u>, 745 F.2d at 833. Therefore, as the evidence post-dates the ALJ's decision and the expiration of Plaintiff's insured status, Plaintiff has failed to demonstrate that this evidence is relevant to the time period at issue in this case—October 3, 2013 (Plaintiff's alleged onset date) through December 31, 2017 (Plaintiff's date last insured) (Tr. 37, 175). If Plaintiff believes that the new evidence shows that he is disabled after this time, his remedy is to file a new application, not to seek to overturn a decision on his previous application that was correct at the time it was rendered. 20 C.F.R. § 404.620 (stating that if there is a hearing decision, an application will remain in effect until the hearing decision is issued).

CONCLUSION

Substantial evidence supports the ALJ's finding that Plaintiff was not disabled.  Therefore, the Commissioner requests that this Court affirm the ALJ's decision.

Respectfully submitted,

DAVID J. FREED
United States Attorney


/s/ D. Brian Simpson
D. BRIAN SIMPSON
Assistant United States Attorney
Atty ID No. OH 0071431
228 Walnut Street
Harrisburg, PA 17108
Tel: (717) 221-4482
Fax: (717) 221-4493
d.brian.simpson@usdoj.gov
Counsel for Defendant

OF COUNSEL:

Eric P. Kressman
  Regional Chief Counsel, Region III
Eda Giusti
  Assistant Regional Counsel
Office of the General Counsel
Social Security Administration

15

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. FEDORCHAK, | ) | |
| Plaintiff, | ) | NO. 1:17-CV-02280 |
| | ) | |
| v. | ) | (CONNER, C. J.) |
| | ) | (SCHWAB, M.J.) |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| Defendant. | ) | **[FILED VIA ECF]** |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 30th day of November, 2018, I caused the foregoing Brief to be filed via ECF, and that I served a copy upon Plaintiff by United States Mail, postage prepaid, to the following address:

> Joseph S. Fedorchak
> 22 Edge Rock Drive
> Drums, PA  18222

<u>/s/ Amanda Endy</u>
Amanda Endy
Supervisory Legal Assistant

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. FEDORCHAK, | ) | |
| Plaintiff, | ) | NO. 1:17-CV-02280 |
| | ) | |
| v. | ) | (CONNER, C. J.) |
| | ) | (SCHWAB, M.J.) |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| Defendant. | ) | **[FILED VIA ECF]** |

## CERTIFICATE

I certify that this Brief complies with the word count limit set forth in Local Rule 7.8(b)(2).  The actual number of words in this Brief, according to the word processing system used to prepare the Brief, is 2,808 words.

/s/ D. Brian Simpson
D. BRIAN SIMPSON
Assistant United States Attorney
Atty ID No. OH 0071431
228 Walnut Street
Harrisburg, PA 17108
Tel: (717) 221-4482
Fax: (717) 221-4493
d.brian.simpson@usdoj.gov
Counsel for Defendant